# SEALED

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTH DISTRICT OF FLORIDA PALM BEACH DIVISION

CASE NO.: _____ (to be assigned)

Ishanna Ible and United States of America
Plaintiff(s)

v.

FILED BY_____ω σ_____ D.C.

APR 3 0 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

JUDGE J. LAYNE SMITH, in his official and individual capacity; CONSUMER FINANCIAL PROTECTION BUREAU; OCC; OFFICE OF THE COMPTROLLER OF THE CURRENCY WAKULLA COUNTY SHERIFF'S OFFICE; DUVAL COUNTY, FL ; PALM BEACH COUNTY, FL JARED MILLER in his official and individual capacity; Haywood Ball; Patricia Edwards; Victoria Huer; DDG Reinvestments a.k.a Guardian Asset Management; WAKULLA COUNTY, FL; LEON COUNTY, FL; Greenberg Tarig; Aldridge Pite LLP; Wells Fargo Bank and JOHN/JANE DOES 1–10,

Defendants.

_____ /

COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 2̶8̶ ̶U̶.̶S̶.̶C̶.̶ ̶§̶ ̶1̶3̶3̶1̶ ̶(̶f̶e̶d̶e̶r̶a̶l̶ ̶q̶u̶e̶s̶t̶i̶o̶n̶)̶,̶ ̶2̶8̶ U̶.̶S̶.̶C̶.̶ ̶§̶ ̶1̶3̶4̶3̶ ̶(̶c̶i̶v̶i̶l̶ ̶r̶i̶g̶h̶t̶s̶)̶, U.S. GOV'T DEF & PLANTIFF and supplemental jurisdiction over state law claims under 2̶8̶ ̶U̶.̶S̶.̶C̶.̶ §̶1̶3̶6̶7̶.̶ ̶o̶r̶ 31 U.S.C - 3729(a) [FCA]

FACTUAL ALLEGATIONS

1. Plaintiff and U.S. Relator [id. FCA] ,Ishanna Ible, at all relevant times was, a natural person, a citizen of the United States, and at times a military spouse to a fallen US Navy servicemember, Zachary Alexander  Harley.
2. On or about November 20, 2006, when Plaintiff was 17 years old, the Plaintiff was working and earning income as a professional artist.
3. At that time, Plaintiff was legally capable of contracting under Florida Statute § 743.095, which governs the removal of disabilities of minors in artistic or creative services. The Court was required to consider Plaintiff's capacity before imposing a guardianship.
4. Instead, on or about December 1, 2006, Defendant Judge Layne Smith, sitting in the Leon County Court, ordered an illegal and unnecessary guardianship over Plaintiff's person and property, thereby making Plaintiff a ward of the Leon County court.
5. The guardianship order was void ab initio (void from the beginning) because:

· Plaintiff was a minor capable of contracting under § 743.095;
· No finding of incapacity was made as required by Florida law;
· The Defendants sole purpose of the guardianship was to liquidate Plaintiff's assets for the benefit of Defendants and/or third parties, not to protect Plaintiff's welfare.

6. Immediately after establishing the guardianship, Judge Layne Smith ordered Plaintiff's property, including cash, assets, real estate, bank accounts, artwork, royalties be abused, wasted, and stolen.

7. On or about November 30, 2023 Judge Layne Smith issued an illegal writ of possession that illegally authorized the Wakulla County Sheriff's Office to seize Plaintiff's remaining property.

8. Acting on that illegal writ and other bad acts, the Wakulla County Sheriff's Office forcibly detained Plaintiff's property, and living to a location outside her home and business location, 107 Stuart Cove Rd for the financial benefit of third parties. This constitutes human trafficking under 18 U.S.C. § 1589 and Fla. Stat. § 787.06.

9. While the guardianship was in effect, Defendants, or persons acting at their direction, forged a quitclaim deed transferring Plaintiff's real property located at 107 Stuart Cove Rd to Estate of Deanna Ible, without Plaintiff's knowledge, consent, or any lawful proceeding. A forged deed is absolutely void ab initio.

10. Defendants have looted Plaintiff's estate, stealing or converting assets including but not limited to: ⅜ 865 Robinson Ave — Z. Harley
   · [list specific assets, e.g., real property at 107 STUART COVE RD CRAWFORDVILLE, FL 32327 _____, bank account # WELLS FARGO stocks/bonds, vehicle, artwork, inheritance]. ⅟ Life ins. check. SINKRG 2005

11. Before filing this action, Plaintiff complied with the pre-suit demand requirement of Fla. Stat. § 772.11 by serving a written demand for the treble damage amount on each Defendant, more than 30 days prior to filing this Complaint. [Attach copy of demand letter as Exhibit A.]

12. Prior to the acts described above, the Consumer Financial Protection Bureau (CFPB) issued a federal order (Case/Order No. 2022-CFPB-0014, dated 12/20/2023) that prohibited the very conduct alleged in this Complaint or that preempted the state court's authority to proceed. A copy of that order is attached as Exhibit B.

13. Despite the CFPB's federal order, Judge Layne Smith and the other Defendants have ignored and violated that order, continuing to enforce the void guardianship, detain Plaintiff's living and transfer Plaintiff's property without federal or any authority.

14. All of the acts alleged herein were performed by Defendants acting under color of state law and pursuant to an agreement, conspiracy, or common plan to deprive Plaintiff of their constitutional rights.

IS LEGAL DUTY OF DEFENDANTS VIOLATED, See R. v. Miller

CAUSES OF ACTION — EXHIBIT 1 — EVIDENCE SUBMITTED IS THE CASE DOCKET OF CASES ACROSS ALL COUNTIES / DEF.(s).

COUNT I – HUMAN TRAFFICKING (18 U.S.C. § 1589 et seq.; Fla. Stat. § 787.06)

Plaintiff re-alleges paragraphs 1–15 as if fully set forth herein.

Defendants knowingly detained, transported, and provided Plaintiff for labor or services through force, fraud, or coercion, and obtained Plaintiff for the purpose of having Plaintiff perform such labor or services for the financial benefit of Defendants and/or third parties. *See Case docket, Clerks blocks of indigent status.*

COUNT II – DEED THEFT ~~AND CANCELLATION OF FORGED DEED~~ (Quiet Title / Fraud)

Plaintiff re-alleges paragraphs 1–15 as if fully set forth herein.

Defendants forged a quitclaim deed to Plaintiff's real property. A forged deed is absolutely void ab initio. Plaintiff seeks to quiet title and have the forged deed declared void. *The state process has been completed, but needs to be recognized,*

COUNT III – THEFT OF ESTATE (Civil Theft under Fla. Stat. § 772.11; Conversion; Breach of Fiduciary Duty)

Plaintiff re-alleges paragraphs 1–15 as if fully set forth herein.

Defendants knowingly obtained or used Plaintiff's property, including assets of Plaintiff's estate, with the intent to deprive Plaintiff of their right to the property or appropriate the property for their own use, in violation of Fla. Stat. § 772.11. All Defendants acted as fiduciaries or under color of law and breached their fiduciary duties by converting estate assets to their own use, *or use of others. See R. v. Miller*

COUNT IV – CIVIL RIGHTS CONSPIRACY (42 U.S.C. § 1983)

Plaintiff re-alleges paragraphs 1–15 as if fully set forth herein.

Defendants, acting under color of state law, deprived Plaintiff of rights secured by the Fourteenth Amendment (due process and equal protection). Additionally, Defendants formed an agreement to act in concert to inflict an unconstitutional injury, committed overt acts in furtherance thereof, and caused Plaintiff damages. *— Exhibit 2: Aff to Wells Fargo Bank.*

COUNT V – VIOLATION OF FEDERAL LAW (Ignoring CFPB Order; Supremacy Clause)

Plaintiff re-alleges paragraphs 1–15 as if fully set forth herein.

Defendants have ignored and violated a binding federal order issued by the Consumer Financial Protection Bureau. Under the Supremacy Clause of the U.S. Constitution, federal orders preempt conflicting state court actions. Defendants' continued enforcement of void state court orders violates federal law and this Court's authority.

PRAYER FOR RELIEF

Plaintiff requests: *Payment of Aff and trebles to all parties found guilty/liable. Also, Criminal charges to this degree*

A. Declaratory Judgment declaring the guardianship order void ab initio, the writ illegal, the quitclaim deed forged and void, and the CFPB order binding and enforceable;

B. Permanent Injunction barring Defendants from further detaining or transporting Plaintiff and from enforcing any order of the lower tribunal in the underlying case;

C. Return of Estate – immediate return of all estate property, including real property, financial accounts, and personal property;

D. Treble Damages under Fla. Stat. § 772.11 for civil theft of estate assets; & CIVIL RICO RELIGF.

E. Quiet Title – an order directing the Leon County Clerk of Court to cancel the forged quitclaim deed and restore Plaintiff as record owner of the property at 107 STUART COVE RD CRAWFORDVILLE, FL 32327

F. Compensatory and Punitive Damages;

G. Declaratory Relief regarding the CFPB order;

H. Any other relief this Court deems just and proper.

Respectfully requested,
Ishanna Ible
Plaintiff/ Relator
Ishannamama@gmail.com

107 STUART COVE RD
CRAWFORDVILLE , FL 32327